IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SAULSBURY INDUSTRIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 3:19-cv-224 |
| | § | |
| WESTERN REFINING SOUTHWEST, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §1441(a), Defendant, Western Refining Southwest, Inc. ("Western"), files this Notice of Removal of an action filed against it in the 210th Judicial District Court of El Paso, Texas, to the United States District Court for the Western District of Texas, El Paso Division, on the basis of the following facts that show this case is properly removable:

## I.    The Texas State Court Action

1.    On July 16, 2019, Saulsbury Industries, Inc. ("Saulsbury") filed a civil action styled *Saulsbury Industries, Inc. v. Western Refining Southwest, Inc.*, Cause No. 2019DCV2663 in the 210th Judicial District Court of El Paso County, Texas (hereafter the "State Court Action"). Plaintiff's Original Petition ("Petition"), which asserts claims for breach of contract and quantum meruit against Western. A copy of Saulsbury's Original Petition in the State Court Action is attached hereto as Exhibit A.

## II.    This Case is Properly Removable

2.    Saulsbury filed the State Court Action on July 16, 2019. *See* Exhibit A. On July 26, 2019, counsel for Saulsbury provided undersigned counsel for Western a courtesy copy of the Original Petition. As of the filing of this Notice of Removal, Western has not been formally

served with Saulsbury's Original Petition.  Accordingly, the 30-day time period to remove this action has not begun or expired, and this Notice of Removal is therefore timely.  28 USC § 1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (time to remove runs from actual service); *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (same, following *Murphy Bros.*).

3.      This action may be removed to this Court because it involves a controversy wholly between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Therefore, this is a civil action in which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C § 1332 and may be removed to this Court pursuant to 28 U.S.C § 1441(a) and (b).

## III.     Venue is Proper in this District and Division

4.      Venue is proper in the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a), because this district and division embrace El Paso County, and the State Court Action has been pending in a District Court of El Paso County.

## IV.     The Parties and Their Citizenship

5.      At the time the State Court Action was filed and as of the filing of this Notice of Removal, Plaintiff Saulsbury was and is a corporation organized under the laws of the State of Texas with its principal place of business at 2951 E. Interstate 20, Odessa, Texas  79766.  *See also* Exhibit A at ¶ 3(a).  "[A] corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business."  *Wachovia Bank, N.A.*

*v. Schmidt*, 546 U.S. 303, 318 (2006).   Therefore, for purposes of diversity jurisdiction, Saulsbury is a citizen of Texas.

6.      At the time the State Court Action was filed and as of the filing of this Notice of Removal, Defendant Western was and is a corporation organized under the laws of the State of Arizona.  *See* Exhibit A at ¶ 3(b).

7.      Western's principal place of business is at 539 South Main St., Findlay, Ohio 45840.  The President of Western, Anthony R. Kenney, is located in Enon, Ohio; Western's Senior Vice President, Matthew Yoder, is also located in Enon, Ohio; Western's Vice President and Treasurer, Thomas Kaczynski, is located in Findlay, Ohio; and Western's Vice President and Secretary, Molly Benson, is also based in Findlay, Ohio.  Western's Board of Directors has three members, Jodi Baker, Molly Benson, and Shane Pfeiderer (who is also Assistant Secretary), and all three members are located in Findlay, Ohio.  Accordingly, Ohio is the "nerve center" of Western, and Western's principal place of business is therefore in Ohio.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion.)").

8.      Therefore, for purposes of diversity of citizenship jurisdiction, Western is a citizen of Arizona and Ohio.

3

## V.     Diversity of Citizenship Jurisdiction is Present

9.      Removal of this action is proper under 28 U.S.C. § 1441, because this action satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. § 1332(a), a federal court has jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different states . . . ."  28 U.S.C. § 1332(a).

10.      As shown above, Saulsbury is a citizen of a different state than Western, and complete diversity of citizenship is present as required by 28 U.S.C. § 1332(a).

11.      "[A] federal district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings . . . , that the damages that the plaintiff suffered are greater than $75,000."  *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  It is facially apparent from Saulsbury's Original Petition that it is seeking damages and other relief far in excess of the sum or value of $75,000, exclusive of interest and costs.  *See* Exhibit A at ¶ 2 ("SAULSBURY seeks monetary relief in excess of $1,000,000 for compensatory damages, plus all recoverable interest at the highest rate allowed, costs, and attorney's fees."  Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the amount in controversy requirement is also satisfied.

## VI.     Removal Procedure

12.      In accordance with 28 U.S.C. § 1446(a) & (d), this Notice of Removal is accompanied by the following documents:

     a.      A copy of Saulsbury's Original Petition, attached hereto as Exhibit A;

     b.      A copy of Order of Court Setting, attached hereto as Exhibit B;

     c.      A copy of the Citation issued by the State Court, attached hereto as Exhibit C;

    d.       A copy of the 28 U.S.C. § 1446(d) Notice of Filing of Notice of Removal, which will be filed promptly in the 210th Judicial District Court, El Paso County, Texas, attached hereto as Exhibit D (without attachments); and

    e.       A copy of the Register of Actions sheet in the State Court Action, attached hereto as Exhibit E.

13.    Concurrent with the filing of this Notice of Removal, Western will give written notice to Saulsbury and will promptly file a copy of this Notice of Removal with the Clerk of the State Court as required by 28 U.S.C. § 1446(d).

14.    Western therefore respectfully requests that the State Court Action be removed to the United States District Court for the Western District of Texas, El Paso Division, and that this Court exercise jurisdiction over this action to the exclusion of further proceedings in the State Court from which this action was removed.

Respectfully submitted,

By: */s/ Paul L. Mitchell*_____

Paul L. Mitchell
State Bar No. 14217920
pmitchell@hicks-thomas.com
Courtney E. Ervin
State Bar No. 24050571
cervin@hicks-thomas.com
Nicholas Zugaro
State Bar No. 24070905
nzugaro@hicks-thomas.com
Hicks Thomas LLP
700 Louisiana, Suite 2000
Houston, Texas 77002
Tel: 713.547.9100
Fax: 713.547.9150

ATTORNEYS FOR DEFENDANT
WESTERN REFINING SOUTHWEST, INC.

5

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on August 14, 2019, the foregoing Notice of Removal was served on the following counsel of record via email and the Court's ECF system, as follows:

Mr. Jeffrey T. Lucky
Ray, Peña & McChristian, PC
5822 Cromo Dr., Suite 300
El Paso, Texas  79922
jlucky@raylaw.com


                                       */s/ Paul L. Mitchell*
                                        Paul L. Mitchell

{00248649.DOCX}